(No. 5392—

KURT JONATAT and LORETTA JONATAT, husband and wife, and KANE COUNTY MUTUAL FIRE INSURANCE COMPANY, An Illinois Mutual Fire Insurance Company, Claimants, *vs.* STATE OF ILLINOIS, Respondent

*Opinion filed April 27, 1971.*

REDMAN AND SHEARER and RICHARD L. COOPER, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PERLIN, C.J.

Claimants bring this action to recover damages to a home and personal property owned by Mr. and Mrs. Jonatat allegedly caused by the escape of two inmates from the Illinois State Training School for Boys at St. Charles, Illinois. Neither the facts nor the amount of damages are in dispute.

One of the claimants, Mr. Kurt Jonatat, testified that on or about February 7, 1967, he was in Florida on a vacation. On that day, he received a call from his daughter telling him that his house had been broken into and that he should come home immediately. Upon returning home, he found his house in shambles, which damage as he later discovered was the result of a gun battle between police officers and two escaped inmates.

Mr. Joseph J. McGovern, the assistant superintendent of the Illinois State Training School for Boys testified that he took part in the search for the two escaped boys and discovered that they had broken a window and entered the Jonatat home. He further testified that an attempt was made to coax the boys from the home, but the attempt failed and the gun battle, which did damage to the home, resulted.

The remainder of Mr. McGovern's testimony dealt with the escape and the normal security precautions taken by the training school. He testified that the school is fenced with a fence 16 feet high with barbed wire 2 feet high on the top of it, and that the entire enclosed area is patrolled by three radio cars.

All of the boys with a previous history of being an escape risk are housed in cottages inside the fence. Each cottage has house parents, a man and a woman, and an assistant house parent. The inmates in the instant case were according to Mr. McGovern, housed in such a cottage.

Mr. McGovern conducted an investigation to discover what had occurred at the time of the escape. It was learned that the boys in this particular cottage were going to the gymnasium that evening to play basketball. The cottage father lined the boys up in the basement, opened the basement door and started to walk out of the basement. At that time, the two boys in the front of the line broke and ran. The cottage father went back into the building and

notified the switchboard operator, who then notified a guard in his parked radio car in front of the cottage.

The testimony points out that the standard procedure in moving from one cottage to another would be to walk the boys in twos. Then when they would get out of the building, a deputy or guard in a radio car would follow them down to the gymnasium with the cottage parents. When an employee learns that a boy has escaped, he must notify the switchboard. The switchboard then is to immediately notify the deputy in the radio car.

In order for the claimants to recover, they must show negligence on the part of the respondent, for, as a review of the cases decided by this court points out, the mere proof of an escape followed by subsequent damages, will not sustain an award. *Paulus* vs. *State of Illinois*, 24 C.C.R. 215 and *Dixon Fruit Co.* vs. *State of Illinois*, 22 C.C.R. 271.

The Illinois State School for Boys is not an institution which can be classified as a penitentiary and any alleged negligence must be determined in the light of the standard security procedures instituted by the respondent for a school of this nature. It appears from the record that if the security guard had placed himself at the rear of the building, where he should have been in order to observe the boys exiting, the avenue of escape taken by the boys would have been cut off. It would also appear that the standard procedure precludes direct contact with the security guard by the cottage parent although the guard, as in this instance, was only a few feet away. This negligence gave the boys ample time to scale the fence and escape.

The record shows that $6,233.00 was paid by intervenor, Kane County Mutual Fire Insurance Company, to claimants, and that claimants incurred and paid an additional sum of $384.74 as a result of the incident.

The damages caused were the proximate result of the

165

negligence of the respondent. An award is therefore made to the intervenor, Kane County Mutual Fire Insurance Company of $6,233.00 and to the Jonatats in the amount of $384.74.