(Nos. 5885, 5899, 5908, 5923 and 5978—

SEIDEL COAL & COKE CO., THE ELEGANTE LADIES' APPAREL, INC., F. W. WOOLWORTH, CO., ALLAN A. BARNARD, INSURANCE CO. OF NORTH AMERICA, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 2, 1980.*

HOAGLAND, MAUCKER, BERNARD & ALMETER, for Claimant.

WILLIAM J. SCOTT, Attorney General. (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

The above claims all arose out of one incident, a fire which occurred on February 1, 1970 at the F. W. Woolworth Building at 113 West Third Street, Alton, Illinois, and which fire, water and smoke spread to adjoining structures as to cause contents and structural property damage. The cases were consolidated for the purpose of the hearing and as such are treated in this opinion.

The Alton State Hospital was an institution for the insane maintained by the State of Illinois, Department of Mental Health.

The following acts of negligence were alleged by the Claimants in their complaints;

(a) That the Respondent or its agents negligently allowed Arthur Henry Reams, an inmate, to escape or run away from the Alton State Hospital.

(b) That the Respondent or its agents negligently allowed Arthur Henry Reams, an escaped or run-away inmate, to run at large.

(c) That the Respondent or its agents negligently failed to properly maintain control and proper supervision as to an inmate, namely Arthur Henry Reams, who had a history of numerous run-aways or escapes and having caused property damage.

(d) That the Respondent or its agents negligently failed to instruct the personnel at the Alton State Hospital who had direct supervision and control of Arthur Henry Reams, an inmate, as to said inmate's past history of escapes and propensity to cause property damage.

(e) That the Respondent or its agents failed to instruct the personnel of the Alton State Hospital as to

the reasonable and proper procedure of apprehending run-away or escaped inmates to avoid said inmate's damage to property.

In order for the Claimants to recover, they must show negligence on the part of the Respondent, for as a review of the cases decided by this Court points out, the mere proof of an escaped convict followed by subsequent damages will not sustain an award. *Jonatat v. State* (1971), 27 Ill. Ct. Cl. 162; *Dixon Trust Co. v. State* (1956), Ill. Ct. Cl. 271.

From the testimony of witnesses and other evidence the court herewith makes the following findings of fact:

1. On February 1, 1970, Arthur Reams was a patient at the Alton State Hospital, assigned to a locked ward known as Chestnut, but had an unrestricted grounds pass, and left the Alton State Hospital grounds at or about 9:45 a.m. and proceeded to the downtown business district of the City of Alton.

2. The fire at the F. W. Woolworth Building was caused by Arthur Reams at or about 11:37 a.m. on February 1, 1970, and said fire became a major fire in the downtown business district of Alton, Illinois.

3. The police records of the Alton City Police Department revealed that Reams had a prior history of escape from Alton State Hospital and had been arrested for burglarizing the F. W. Woolworth Building in 1964.

4. It is undisputed that there were no established procedures for the personnel at the hospital to follow for the apprehension of runaways and it was admitted that the Chestnut ward was understaffed in that four psychiatric aides are required on each ward rather than two.

5. The damages of the Claimants is substantiated by oral testimony and exhibits which were not disputed,

and there is no question that the proximate cause of the damage to the various claimants was the action of Reams setting fire to the F. W. Woolworth Building.

The Court finds the Respondent was negligent in issuing an unrestricted on grounds pass to Reams when it had sufficient knowledge of his propensity to leave the institution imputed to it by the records of the Alton City Police Department. That Respondent was further negligent in not apprising the personnel where Reams was residing of his previous background of walking away from the institution and attempting to do damage to a particular building in the city of Alton.

Respondent contends that Claimant has failed to comply with the requirement of Ill. Rev. Stat. 1969, ch. 23, par. 4041 and as a result this Court lacks jurisdiction to hear this claim.

Respondent's argument concerning the requirement of filing a claim with the Department of Mental Health can be disregarded in that such a claim was filed. Respondent further argues that jurisdiction is lacking due to the fact that the Department of Mental Health did not conduct an investigation and recommend an award to the Claimants.

A similar argument was raised in the case of *Dixon Fruit Company v. State* (1956), 22 Ill. Ct. Cl. 271. In that case a claim was filed with the Department of Public Welfare and an investigation was conducted. For some unexplained reason the Department chose not to make a recommendation to the Court one way or the other. In response to a jurisdictional challenge this Court stated as follows:

"Did the Legislature intend the Department of Public Welfare to be the final arbiter of claims of this kind,

and that by mere inaction or affirmative disapproval it could put an end to such claim". We think not, as a careful reading of the Statute will reflect. . . . We think rather the Legislature intended that the Department could recommend favorable consideration if it saw fit, and that the Court of Claims would be entitled to either accept such recommendation, or, at least take it into consideration. We do not believe, however, that, because of the lack of such favorable recommendation, the Court of Claims could not hear and determine the claim itself."

In the case at bar, the Department of Mental Health refused to take any action, and in fact, instructed the Claimants to proceed in the Court of Claims. Now, Respondent challenges this Court's jurisdiction over this matter on the grounds that the Department of Mental Health neither conducted an investigation nor made a recommendation to the Court.

Obviously, as *Dixon* stated so clearly, the intent of the legislature and the purpose of the statute would be frustrated if the Department of Mental Health could deny Claimant a forum in this Court through its mere inaction or affirmative disapproval.

The Court finds that the jurisdiction of this Court to hear and determine claims under the statute is not conditioned upon a prior investigation and recommendation by the Department of Mental Health.